UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ANTHONY JONES,

                Petitioner,                Case No. 1:15-cv-1338

v.                                              Honorable Robert J. Jonker

SHANE JACKSON,

                Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims he intends to raise in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will grant Petitioner's motion for a stay of the proceedings pending exhaustion of his state-court remedies.

**Factual Allegations & Procedural History**

Petitioner is incarcerated in the E.C. Brooks Correctional Facility. Following separate jury trials in the Muskegon County Circuit Court, Petitioner was convicted in the first case (Docket No. 306331) of failing to comply with the Sex Offenders Registration Act, second offense, and in the second case (Docket No. 306334) of first-degree home invasion and three counts of first-degree criminal sexual conduct during the commission of a felony (CSC I). On July 18, 2011, the trial court sentenced Petitioner as a fourth-offense habitual offender to serve concurrent prison terms of 42 months to 15 years for failing to comply with the Sex Offenders Registration Act, 51 to 80 years for each of the CSC I convictions, and 18 to 30 years for the home invasion conviction.

The two criminal cases were consolidated for purposes of appeal. The Michigan Court of Appeals issued an opinion affirming Petitioner's convictions on February 11, 2014. The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on September 29, 2014.

Petitioner now raises the following grounds for habeas corpus relief, which were raised before and rejected by the Michigan appellate courts:

I. THE STATE COURTS ERRED IN HOLDING THAT ADMISSION OF IRRELEVANT AND HIGHLY PREJUDICIAL PRIOR BAD ACTS EVIDENCE OF A 29-YEAR OLD INCIDENT ALLEGED TO HAVE OCCURRED WHEN MR. JONES WAS 17 YEARS OLD, AS WELL AS A 7 YEAR-OLD INCIDENT THAT WAS NEVER CONNECTED TO MR. JONES OTHER THAN BALD SPECULATION DID NOT REQUIRE A NEW TRIAL.

II. THE STATE COURT ERRED IN HOLDING THAT DEFENSE COUNSEL WAS NOT CONSTITUTIONALLY INEFFECTIVE IN FAILING TO FORESEE SUBSEQUENT RULINGS FROM THE TRIAL COURT THAT AFFECTED A STRATEGIC DECISION THAT MR. JONES WOULD NOT TESTIFY WHEN COUNSEL TOLD THE JURY IN OPENING STATEMENTS THAT MR. JONES WOULD TESTIFY ON THE KEY DEFENSE ISSUE OF CONSENT.

> III.   THE STATE COURTS ERRED IN HOLDING THAT NUMEROUS INSTANCES OF PROSECUTORIAL MISCONDUCT IN CLOSING ARGUMENT DID NOT DEPRIVES MR. JONES OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL AND REQUIRE REVERSAL.

(Pet., Attachment C, ECF No. 1-3, PageID.125.) Petitioner also seeks a stay the proceedings (ECF No. 3) while he raises several new claims in the Michigan state courts.

## Discussion

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner properly exhausted the three grounds for relief listed above in the

Michigan appellate courts. Petitioner, however, has not yet exhausted several new claims set forth in his motion to stay the proceedings. Petitioner may seek review of those claims in the state court by filing a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. In order to properly exhaust his claims, Petitioner must file a motion for relief from judgment in the Muskegon County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id*.; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on September 29, 2014. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 28, 2014. Accordingly, Petitioner had one year, until December 28, 2015, in which to file his habeas petition. Petitioner filed the instant petition on December 22, 2015,[1] six days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2] Because the statute of limitations has now expired, Petitioner would not have the necessary 30 days to file a motion for post-conviction

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on December 22, 2015, and it was received by the Court on December 28, 2015. Thus, it must have been handed to prison officials for mailing at some time between December 22 and 28. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. The Court finds that the allegations set forth in Petitioner's motion for a stay are sufficient to satisfy the *Rhines* requirements. Consequently, the Court will grant Petitioner's motion to stay these proceedings pending exhaustion of his state court remedies.

An Order consistent with this Opinion will be entered.


Dated:   January 25, 2016            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE