UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————

WILLIAM ANTHONY JONES,

    Petitioner,

v.

JACK KOWALSKI,

    Respondent.

_____/

Hon. Robert J. Jonker

Case No. 1:15-cv-1338

**PROPOSED FINDINGS OF FACT**

This matter is before the Court on remand from the Sixth Circuit Court of Appeals for the sole purpose of conducting "a factual inquiry into whether [Petitioner] Jones submitted a timely notice of appeal."  *Jones v. Burt*, Case No. 20-1696, Order at 2 (6th Cir. Sept. 23, 2020).  The supplemented record is to be submitted to the Sixth Circuit for further consideration regarding the issue of "whether a notice of appeal that was purportedly mailed, yet never received, may confer jurisdiction on the court of appeals."  *Ibid.*

In sum, Petitioner contends that he submitted three separate notices of appeal regarding the May 6, 2020, dismissal of his petition for writ of habeas corpus, only one of which was received by this Court.  Petitioner claims to have placed the first notice of appeal in the prison mailbox on May 10, 2020; he claims to have placed a second notice of appeal in the prison mailbox on May 30, 2020, after having not received a response from the Court to his first notice.  Neither of these notices were

received by this Court. The "third" notice of appeal indicates on its face that it was timely placed in the mail on May 18, 2020, but it was not received by this Court until July 15, 2020, well beyond the thirty-day deadline for filing the notice of appeal.

Having conducted two evidentiary hearings, and based on the testimony and exhibits introduced during those hearings, I find that Petitioner has failed to meet his burden of establishing that he timely mailed a notice of appeal.[1] To the contrary, the evidence indicates that the first notice of appeal Petitioner placed in the mail was the one received and filed by the Court on July 15, 2020. (ECF No. 33). The evidence further indicates that Petitioner drafted the May 10 and May 18 notices well after receiving the Sixth Circuit's letter of July 21, 2020 (ECF No. 34), acknowledging receipt of the July 15 notice of appeal.

## **Relevant Procedural History**

In late 2015, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his 2011 convictions for failure to register as a sex offender, first-degree home invasion, and three counts of first-degree criminal sexual conduct during the commission of a felony. (ECF No. 1, PageID.1). In January 2016, the Court granted Petitioner's motion to stay proceedings. (ECF No. 10). This matter was reopened in January 2018. (ECF No. 15). Petitioner then filed an amended habeas petition. (ECF No. 17).

---

[1] Petitioner has acknowledged that he bears the burden of establishing the timeliness of his notice of appeal. (*See* 11/23/20 Hrg Tr. at 5, ECF No. 54, PageID.3935).

2

On February 26, 2020, the undersigned judicial officer filed a report and recommendation (R&R), recommending that the habeas petition be denied. (ECF No. 26). The R&R gave notice that the parties had fourteen days in which to file any objections. (*Id.* at PageID.3752). According to the Court's docket, the Clerk's Office mailed a copy of the R&R to Petitioner on February 27, 2020; a second copy was mailed to the Muskegon Correctional Facility on March 27, 2020, after Petitioner's address was confirmed with the Michigan Department of Corrections' website.[2]

On April 15, 2020, the Court received Petitioner's notice of objection to the R&R, noting that Petitioner was preparing a brief in support of his objection, which would be "forthcoming in the days ahead." (ECF No. 27, PageID.3753). On April 23, 2020, the Court issued an order requiring Petitioner to file his objections no later than May 31, 2020. (ECF No. 28). The next day, the Court received Petitioner's brief outlining his objections to the R&R. (ECF No. 29). On May 6, 2020, Chief Judge Robert Jonker issued an order approving and adopting the R&R and entered judgment in favor of Respondent. (ECF No. 30, 31). Certified copies of the order and judgment were mailed to Petitioner on May 7, 2020.

On July 15, 2020, the Court received Petitioner's notice of appeal. (ECF No. 33). The notice stated that it was sent on May 18, 2020; the Clerk's notation indicates that it was received and scanned at 9:56 a.m. on July 15. (*Id.* at 3775). The

---

[2] It appears from the Court's docket that the first copy of the R&R was returned to the Clerk's Office on May 18, 2020, as "not deliverable as addressed." (*See* ECF No. 32).

3

Court received another notice of appeal on August 28, 2020. (Second Notice of Appeal, ECF No. 37). This time, Petitioner indicated that it had been mailed on May 20, 2020, but the Clerk's notation indicates that it was received and scanned on August 28 at 10:33 a.m. (*Id.* at PageID.3786).

On September 23, 2020, the Sixth Circuit issued an order remanding this case for a factual inquiry into whether Petitioner submitted a timely appeal. (ECF No. 40). That order indicates that, in response to a show-cause order, Petitioner declared under penalty of perjury that he placed three notices of appeal in the mail addressed to the Clerk of this Court: the first two on May 10 and May 30, respectively; and the third on July 15, after having not heard anything from the Court. (*Id.* at PageID.3794-95). Petitioner asserts that he does not know what happened to the "original notices that [he] placed in the U.S. mail." (*Id.* at PageID.3795).

## **Factual Findings**

Petitioner testified during the first evidentiary hearing as follows. He received Judge Jonker's order adopting the R&R and denying the habeas petition on May 6, 2020. (11/23/20 Hrg Tr. at 10-11, ECF No. 54, PageID.3940-41). Petitioner placed the first notice of appeal in the prison mailbox on May 10, 2020. (*Id.*). He mailed a second, identical notice on appeal, on May 30, 2020, because he had not yet heard anything from the Court. (*Id.* at PageID.3944-45). Despite the fact that he could have sent the second notice of appeal through an "expedited" system to ensure proof

4

of its timely transmission,[3] and despite his stated concern over the lack of response to his first notice, Petitioner placed the second notice in the regular mail. (*Id.* at PageID.3944-47).

Petitioner's testimony regarding the purported mailing of the May 10 and May 30 notices of appeal is not credible. First, he could not have received a copy of Judge Jonker's order adopting the R&R on May 6, as he claims, as the order could not have been mailed to him before that date. It is not plausible for Petitioner to have received the order the same day it was filed, even if it had been mailed that day.[4] Moreover, the docket indicates that the Clerk's Office placed the order in the mail to Petitioner on May 7, 2020. The incoming mail log for the prison indicates that Petitioner received no mail from this Court between May 6 and May 10, the day he claims to have deposited the first notice of appeal in the mail. (*See* MCL Legal Mail Log, Exhibit A, ECF No. 43-1, PageID.3821-23); *see also* Hrg Tr. at 5-11, ECF No. 55, PageID.3969-75 (Gayle Scanlon testimony during which Exhibit A was admitted)).[5]

---

[3] According to Petitioner, there are two benefits to transmitting legal matters through the "expedited" system. First, the matter is transmitted more quickly; and second, a written record is made corroborating the transaction. (11/23/20 Hrg Tr. at 12, ECF No. 54, PageID.3942).

[4] The html receipt on the CM/ECF system indicates that Judge Jonker's order was filed at 11:29 a.m. on May 6, 2020.

[5] The incoming mail log indicates that Petitioner received an item in the mail from this Court on May 11, 2020 (ECF No. 43-1 at PageID.3820), presumably Judge Jonker's order May 6 order, which the Clerk's Office mailed to Petitioner on May 7.

Particularly telling is that the copies of the notices of appeal Petitioner purportedly mailed on May 10 and May 30, 2020, respectively – and which Petitioner provided the Court on December 7, 2020 – contain a glaring discrepancy. The respondent named in the case caption on each of these notices is Sherry L. Burt (*see* ECF No. 47-1, 47-2). The first reference in this case to Warden Sherry Burt as the respondent came in the July 21, 2020, letter from the Sixth Circuit Court of Appeals advising Petitioner that his appeal had been docketed and which provided the appellate case caption: "William Anthony Jones, Petitioner-Appellant v. Sherry L. Burt, Warden, Respondent-Appellee." (ECF No. 34, PageID.3777-78). That letter advised Petitioner that he was to use that case caption for all subsequent filings with the Court. It is evident that Petitioner manufactured the May 10 and May 30 notices of appeal after the Sixth Circuit's July 21 letter, and well after the thirty-day deadline for filing a notice of appeal.[6]

When confronted with this discrepancy, Petitioner testified that he "thought that it wouldn't make [a] difference who [he] used, Sherry Burts (sic) or Jack Kowalski, because doing the [R&R], that's who I was dealing with was him, Jack Kowalski." [3/2/21 Hrg Tr. at 18, ECF No. 55, PageID.3982). Petitioner appears to miss the point. The named respondent in this case has changed from time to time, based on where Petitioner was being housed and who the warden was at a given time.

---

[6] For some reason, Petitioner filed a notice of appeal on August 28, 2020, which was docketed as a "Second Notice of Appeal." (ECF No. 37). Curiously, the content of that notice stated that it was filed on "May 20, 2020." (*Id.* at PageID.3786). The case caption on that notice included Jack Kowalski as the respondent. (*See id.*).

But the name Jack Kowalski was consistently used as the respondent from the filing of the R&R on February 26, 2020 (ECF No. 26), until July 21, 2020, when the Sixth Circuit issued its letter advising Petitioner to use the name Sherry Burt in the caption (ECF No. 34). Notably, in the first notice of appeal received by the Court, on July 15, 2020, Petitioner used the name Jack Kowalski. (*See* ECF No. 33).

Petitioner's testimony regarding the reason for filing the July 15, 2020, notice of appeal (ECF No. 33) – and his contention that it was the third such notice – is also lacking credibility. Petitioner testified that he filed that notice of appeal after receiving from the Clerk of this Court a copy of a notice, along with of this Court's docket sheet, indicating that his previous notices of appeal had not been filed. (11/23/20 Hrg Tr. at 17-23, ECF No. 54, PageID.3947-53). Petitioner testified that he retained copies of the Court's notice and docket sheet in his cell, and he agreed to provide copies of them to the Court. (*Id.* at PageID.3949-52). To date, Petitioner has failed to provide the Court with copies of these purported documents. Moreover, the Court's docket shows that the Clerk's Office mailed nothing to Petitioner from the May 7 mailing of Judge Jonker's order denying the habeas petition to the Court's July 15 receipt of Petitioner's notice of appeal. The evidence suggests that Petitioner sent the July 15 notice of appeal unprompted by anything but his belated desire to initiate the appellate process.

## CONCLUSION

As outlined herein, the undersigned finds that Petitioner William Anthony Jones failed to timely submit a notice of appeal, and further recommends that the Court adopt the proposed findings of fact.

OBJECTIONS to this these proposed findings of fact must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: July 22, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge